BOHNER, Appellant, vs. GREAT ATLANTIC & PACIFIC TEA COMPANY, Respondent.

*April 13—May 9, 1933.*

For the appellant there were briefs by *A. W. Schutz,* attorney, and *Raymond J. Cannon* and *John L. Newman* of counsel, all of Milwaukee, and oral argument by *Mr. Newman.*

For the respondent there was a brief by *Bitker, Tierney & Puchner,* and oral argument by *Joseph E. Tierney* and *Alfred C. Unger,* all of Milwaukee.

ROSENBERRY, C. J.   While there was a decided conflict in the evidence, the jury having found in favor of the plaintiff, we must put that construction upon the evidence which is most favorable to the plaintiff in determining whether or not the trial court was in error in changing the answers to

the questions in the special verdict. It cannot be argued that the evidence offered and received on behalf of the plaintiff if believed is not sufficient to sustain the verdict. The contention made here is that the evidence relating to the situation as it existed at the time of the alleged injury, especially the physical facts, rendered the evidence offered and received on behalf of the plaintiff incredible in that it was a physical impossibility for the cartons to have fallen and struck the plaintiff as she claims. In changing the answers to the verdict the court said:

"Because of the distance between the place where plaintiff was standing and where the cartons were piled, and because of the height of the pile, it clearly was impossible that one of the cartons could have struck her in the back unless some effort was exerted to throw the cartons in plaintiff's direction."

This conclusion depends upon many factors: (1st) that no force was applied to the pile which in turn depends upon the testimony of the witness Schmidt; (2d) that the plaintiff correctly estimated the distance between where she stood and the cartons as piled upon the floor; (3d) the height of the pile of cartons; and (4th) the position of plaintiff with reference to the counter. If certain facts testified to with reference to these four factors be assumed to be true, the result reached by the trial court may follow, but each of these circumstances depends upon the recollection and credibility of the witnesses by which the facts were established. If there is credible evidence in the case which sustains the findings of the jury, the court was in error in setting aside the answers to the questions in the special verdict even though the evidence largely preponderated against the findings of the jury. It is not enough that the evidence, contrary to the jury's finding, preponderates or has a greater convincing power; it must make the evidence which tends to sustain the verdict incredible. Even if, as triers of the fact,

504

we should upon consideration of the evidence reach the conclusion that the evidence strongly preponderates in favor of the position of the trial court, yet it cannot be said that the testimony supporting the verdict is incredible, for some witness may have been mistaken and therefore the result may not have been impossible and plaintiff's statements incredible. We are therefore obliged to hold that in changing the answers to questions 1 and 4 the court was in error. It appears from the record that the court may well have been of the view that the verdict as found was so contrary to the evidence that it ought not to stand. We shall therefore, in accordance with the rule in such cases made and provided, reverse the judgment, with directions that the cause be remanded to the trial court in order that the trial court may pass upon the motion for a new trial and for such further proceedings as may be had in accordance with law.

*By the Court.*—It is so ordered.